## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*,[1] | ) Case No. 19-11466 (KG) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Appellant, | ) |
| | ) Case No. 19-cv-01711-UNA |
| v. | ) |
| | ) |
| CENTER CITY HEALTHCARE, LLC d/b/a | ) |
| HAHNEMANN UNIVERSITY HOSPITAL, *et al.*, | ) |
| | ) |
| Appellees. | ) |

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' JOINDER IN DEBTORS' MEMORANDUM OF LAW IN OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL OF THE ORDER UNDER 11 U.S.C. § 105, 106, 363, 365, 503,507 AND 525 (A) APPROVING ASSET PURCHASE AGREEMENT WITH THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC., (B) AUTHORIZING SALE OF CERTAIN OF DEBTOR'S ASSETS FREE AND CLEAR OF INTERESTS, (C) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN OF THE DEBTOR'S EXECUTORY CONTRACTS, AND (D) GRANTING RELATED RELIEF**

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Center City Healthcare, LLC (3341), Philadelphia Academic Health System, LLC (8681), St. Christopher's Healthcare, LLC (8395), Philadelphia Academic Medical Associates, LLC (8165), HPS of PA, L.L.C. (1617), SCHC Pediatric Associates, L.L.C. (0527), St. Christopher's Pediatric Urgent Care Center, L.L.C. (6447), SCHC Pediatric Anesthesia Associates, L.L.C. (2326), StChris Care at Northeast Pediatrics, L.L.C. (4056), TPS of PA, L.L.C. (4862), TPS II of PA, L.L.C. (5534), TPS III of PA, L.L.C. (5536), TPS IV of PA, L.L.C. (5537), and TPS V of PA, L.L.C. (5540).  The Debtors' mailing address is 230 North Broad Street, Philadelphia, Pennsylvania 19102.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT.............................................................................................................................3

CONCLUSION...........................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Frantz*,
534 B.R. 378 (Bankr. D. Idaho 2015)........................................................................................4

*In re GMC*,
409 B.R. 24 (Bankr. S.D.N.Y. 2009)........................................................................................3

*In re Revel AC, Inc*,
802 F.3d 558 (3d Cir. 2015)................................................................................................1, 3

*In re W.R. Grace & Co.*,
475 B.R. 34 (D. Del. 2012)................................................................................................3, 4

*NLRB v. 710 Long Ridge Rd. Operating Co. II, LLC*,
2014 U.S. Dist. LEXIS 37809 (D.N.J. Mar. 21, 2014)........................................................3, 4

The Official Committee of Unsecured Creditors (the "Committee")[2] in the chapter 11 cases of Center City Healthcare, LLC d/b/a Hahnemann University Hospital and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby joins (the "Committee Joinder") in the Debtors' opposition (the "Debtors' Opposition") to the *Emergency Motion for Stay Pending Appeal of the Order under 11 U.S.C. § 105, 106, 363, 365, 503,507 and 525 (A) Approving Asset Purchase Agreement with Thomas Jefferson University Hospitals, Inc., (b) Authorizing Sale of Certain of Debtor's Assets Free and Clear of Interests, (C) Authorizing Assumption and Assignment of Certain of the Debtor's Executory Contracts, and (D) Granting Related Relief* (the "Motion") filed by the United States of America (the "United States"), on behalf of the Department of Health and Human Services, acting through its designated component, the Centers for Medicare and Medicaid Services ("CMS"). In support of the Committee Joinder, the Committee respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

Through the Committee Joinder, the Committee opposes the relief requested by CMS in the Motion and adopts and supports the Debtors' arguments raised in the Debtors' Opposition. In addition, the Committee Joinder emphasizes the substantial harm that will befall the unsecured creditors in these cases if the Court grants the extraordinary relief requested by CMS of a stay pending appeal of the Sale Order. As set forth below, one of the elements a court must consider in determining whether to grant a stay pending appeal is "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *In re Revel AC, Inc.*, 802 F.3d

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Debtors' Opposition.

6661036

558, 568 (3d Cir. 2015) (*citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  Here, the unsecured creditors—parties in interest in the bankruptcy cases—will be substantially injured by any stay of the Sale Order because, among other reasons, if the Sale Order is stayed, there is no assurance that Jefferson, the winning bidder at the court-approved auction for the Resident Program Assets with a purchase price of $55,000,000, will consummate the transaction.  In fact, quite the opposite.  Pursuant to the Jefferson APA, the Debtors and Jefferson agreed to an outside closing date of September 19, 2019, after which time Jefferson can terminate the transaction pursuant to the terms of the Jefferson APA.  Further, the order establishing bidding procedures for the sale of the Resident Program Assets (the "Bidding Procedures Order") provides that the backup bid submitted by Tower Health ("Tower") shall expire on the earlier of closing an alternative transaction or September 6, 2019.

In the event that, as a result of the stay, there is no purchaser for the Resident Sale Assets, there will be no proceeds of the Sale potentially available for distribution to unsecured creditors.  On the other hand, if the stay is denied and the Sale closes, the Debtors will utilize the proceeds of the Sale to (i) achieve an orderly, safe and effective wind down of operations at Hahnemann, (ii) assure the continued operations of St. Christopher's Hospital for Children ("St. Christopher's") which serves the vital healthcare needs of Philadelphia's children during and through the completion of its own sale process, (iii) fund tail insurance coverage for residents and (iv) create a path to a recovery for unsecured creditors on account of their claims.  As recovery for unsecured creditors will be directly driven by the receipt of proceeds from the sale of the Resident Program Assets and St. Christopher's assets, staying the Sale and the receipt of proceeds therefrom will have a material adverse effect on unsecured creditors in these cases.

## II.     ARGUMENT

"A motion for a stay of a Court's decision is an 'extraordinary remedy.'" *In re W.R. Grace & Co.*, 475 B.R. 34, 205 (D. Del. 2012) (citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)).  The moving party bears the burden of showing that the circumstances justify an imposition of the stay.  *Id.*

"The standard for ascertaining whether the imposition  of a stay is appropriate is determined by a consideration of four factors:  (1) [W]hether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether a stay is in the public interest." *Id.* (*citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d at 568.  "This is a 'heavy burden,' not easily met." *NLRB v. 710 Long Ridge Rd. Operating Co. II, LLC*, 2014 U.S. Dist. LEXIS 37809, at *2-3 (D.N.J. Mar. 21, 2014) ("710 Long Ridge Rd."); *see also In re GMC*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009) ("The burden on the movant is a 'heavy' one.").

"An important factor informing the Court's decision on [a motion for stay pending appeal] is the substantial risk of harm to other parties in the litigation," including the unsecured creditors.  *See 710 Long Ridge Rd*, 2014 U.S. Dist. LEXIS 37809, at *3-5 .  For example, in *710 Long Ridge Rd.*, the court found that creditors would face substantial harm where, "if a stay is granted, [] they would have no choice but to wait until at least the conclusion of the [appellant's] appeals to obtain any relief to which they are entitled under the plan." *Id.* at *5.  Similarly, in *In re W.R. Grace & Co.*, the court explained that "[i]f the stay were issued, these creditors would

once again be thwarted along their path to recovery from [the debtor]." *In re W.R. Grace & Co.*, 475 B.R. 34, 208 (D. Del. 2012).

In the context of an asset sale pursuant to section 363 of the Bankruptcy Code, the court in *In re Frantz*, 534 B.R. 378 (Bankr. D. Idaho 2015), explained the substantial harm that would befall unsecured creditors if a sale was stayed pending appeal as follows:

> Imposing a stay will result in potential harm and prejudice to the creditors of the estate due to the delay in administration of the estate, and the potential for loss of the sale to [purchaser]. A stayed sale will also expose the estate to additional costs to secure and maintain the Property for the duration of the appeal . . . While the Property is valued higher than what Debtors estimated at filing in 2011, there is obviously no guarantee that the market will not move the other direction. The Court finds that because closing the present sale is in the best interests of the estate and its creditors, and that if stayed there would be a risk of loss of that sale as well as additional expenses incurred by the estate pending resolution of the appeal, substantial harm will come to [the chapter 7] Trustee and the bankruptcy estate he represents if a stay is imposed.

*In re Frantz*, 534 B.R. at 390.

Here, the unsecured creditors will be substantially harmed if the Sale Order is stayed pending appeal. First, pursuant to the Jefferson APA, the Debtors and Jefferson agreed to an outside closing date of September 19, 2019, after which date Jefferson can terminate the Jefferson APA pursuant to section 9.1(b)(ii). Additionally, the Bidding Procedures Order states that Tower's backup bid shall expire on the earlier to close of an alternative transaction or September 6, 2019. Bidding Procedures Order, ¶ H(b). As such, there is no assurance, and great risk, that if the Sale Order is stayed, both Jefferson and Tower can walk away from the Sale, leaving the Debtors' estates and creditors with no proceeds—proceeds which would otherwise result in up to net $51 million for the Debtors' estates and its creditors. As set forth above, courts have held that such risk to creditors' recoveries constitutes substantial harm. *See e.g.*, *In re W.R. Grace & Co.*, 475 B.R. at 208, *710 Long Ridge Rd.*, 2014 U.S. Dist. LEXIS 37809, at *3-5, *In re Frantz*, 534 B.R. at 390.

Further, the possibility that both Jefferson and Tower can walk away from the Sale in the event of a stay is detrimental to the creditors' possible recoveries in these cases beyond just with respect to the proceeds of the Sale.  The Sale proceeds will be used as funding for (i) an orderly, safe and effective wind down of operations at Hahnemann, (ii) the continued operations of St. Christopher's during and through the completion of its own sale process, and (iii) tail insurance coverage for residents, who may otherwise have claims against the estates if such coverage is not provided.  Without proceeds from the Sale, funding the above-mentioned operations and insurance coverage will become increasingly difficult and will be detrimental to the interests of the creditors herein.  This risk is amplified here where CMS is not required to post a bond in connection with any stay.  As such, if the Sale Order is stayed, allowing Jefferson and Tower to terminate the respective transaction, and if CMS ultimately loses the appeal, the Debtors' estates and their creditors are left unprotected and substantially harmed as a result of the stay.

## III.    CONCLUSION

For the reasons stated above and in the Debtors' Opposition, the Committee respectfully requests that the Court deny the Motion.

Dated: September 13, 2019　　　　　Respectfully submitted,
Wilmington, Delaware

　　　　　　　　　　　　　　　　　/s/ *Thomas M. Horan*
　　　　　　　　　　　　　　　　　Thomas M. Horan (DE Bar No. 4641)
　　　　　　　　　　　　　　　　　**FOX ROTHSCHILD LLP**
　　　　　　　　　　　　　　　　　919 North Market Street, Suite 300
　　　　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　　　　Telephone: 302-654-7444
　　　　　　　　　　　　　　　　　Facsimile: 302-6568920
　　　　　　　　　　　　　　　　　Email: thoran@foxrothschild.com

　　　　　　　　　　　　　　　　　- and –

　　　　　　　　　　　　　　　　　Andrew H. Sherman (*pro hac vice*)
　　　　　　　　　　　　　　　　　Boris I. Mankovetskiy (*pro hac vice*)
　　　　　　　　　　　　　　　　　**SILLS CUMMIS & GROSS P.C.**

6661036

One Riverfront Plaza
Newark, NJ 07102
Telephone:  973-643-7000
Facsimile:  973-643-6500
Email:  asherman@sillscummis.com
              bmankovetskiy@sillscummis.com

*Counsel for the Official Committee
of Unsecured Creditors*

6